

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS
XXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Aileen Mitchell
County Auditor, Fort Bend County
Richmond, Texas

Dear Madam:

Opinion No. 0-6834

Re: Whether the Commissioners' Precinct or
County can issue emergency warrants to
cover the cost of a right-of-way for
building a farm-to-market road by the
State and Federal Government; and
whether this would be considered a
permanent improvement.

This in reply to your request dated September 18, 1945, which request reads as follows:

"The question has arisen whether the Commissioners Precinct can issue emergency warrants to cover the cost of the purchase of right of way for the building of farm to market roads by the State and Federal Government, and whether this would be considered permanent improvement, and also whether the county would have authority to issue these warrants. * * *"

In your request you ask three questions and we will answer them in the order in which they appear therein.

1. Can a Commissioners' precinct issue emergency warrants to cover the cost of the purchase of rights-of-way for the building of farm-to-market roads by the State and Federal Governments?

We have searched the statutes and Constitution of this State and have been unable to find any authorization for a commissioners' precinct to issue any kind of warrants.

2. Whether emergency warrants can be issued for the purpose of purchasing rights-of-way and be paid from the Permanent Improvement Fund.

The purpose of rights-of-way of public roads is a part of the road system and must be paid from the County's Road and Bridge Fund, and cannot be paid out of the Permanent Improvement Fund. Carrol v. Williams, 202 S.W. 504.

3. Whether the Commissioners' Court of the County has authority to issue emergency warrants for

the purchase of rights-of-way for the building
of farm-to-market roads by the State and Federal
Governments.

The public policy relating to farm-to-market roads is provided
for in Article 6673-c, Vernon's Annotated Civil Statutes, which we quote:

"Section 1. The State Highway Commission is aut-
horized to designate any county road in the State as a
farm-to-market road for purposes of construction, recon-
struction, and maintenance only, provided that the Com-
missioners Court of the county in which any such County
road is located shall pass and enter in its minutes an
order waiving any rights such county may have for partici-
pation by the state in any indebtedness incurred by the
county in the construction of such county road; and pro-
vided further that the State Highway Commission and the
Commissioners Court of the county in which any such raod
is located may enter into a contract that shall set forth
the duties of the state in the construction, reconstruc-
tion, and maintenance of the county road in consideration
of the county and/or road district relinquishing any and
all claims for state participation in any county, road
district, or defined road district bonds, warrants, or
other evidences of indebtedness outstanding against such
road for the construction or improvement of the road be-
fore being designated by the State Highway Commission.

"Sec. 2. It is hereby declared to be the policy of
the state that the assumption by the state of the obliga-
tion to construct and maintain such roads designated by the
State Highway Commission as farm-to-market roads under the
provisions of this Act constitutes full and complete com-
pensation for any and all funds that might have been ex-
pended by any county, road district, or defined road dis-
trict in the construction and maintenance of said road prior
to its designation by the State Highway Commission as a farm-
to-market road.       * * * *"

Article 6674n, Vernon's Annotated Civil Statutes, is the
statutory authority authorizing the county to purchase highway rights-
of-way and we quote, in part, from said article:

"Whenever, in the judgment of the State Highway
Commission, the use or acquisition of any land for road,
right of way purppses, timber, earth, stone, gravel or
other material, necessary or convenient to any road to
be constructed, reconstructed, maintained, widened,
straightened or lengthened, or land not exceeding one
hundred (100) feet in width for stream bed diversion in
connection with the locating, relocating or construction
of a designated State Highway by the State Highway Com-
mission, the same may be acquired by purchase or condem-
nation by the County Commissioners Court. Provided that
the County in which the State Highway is located may pay
for same out of the County Road and Bridge Fund, or any
available county funds.

"Any Commissioners Court is hereby authorized to secure by purchase or by condemnation on behalf of the State of Texas, any new or wider right of way or land not exceeding one hundred (100) feet in width for stream bed diversion in connection with the locating, relocating or construction of a designated State Highway, or land or lands for material or borrow pits, to be used in the construction, reconstruction or maintenance of State Highways and to pay for the same out of the County Road and Bridge Fund, or out of any special road funds or any available county funds."

Since the Commissioners' Court has the statutory authority to purchase rights-of-way, the Commissioners' Court has the implied authority to issue interest bearing warrants for the purpose of purchasing rights-of-way.  Lassiter v. Lopez, 217 S.W. 373.  The manner of issuing said warrants is controlled by the provisions of Article 2368a.

In your request for an opinion you do not state any facts from which this department can determine whether the county would be authorized to issue emergency warrants.  The second paragraph of Section 5 of Article 2368a, provides as follows:

"Provided, that in case of public calamity caused by fire, flood, storm, or to protect the public health, or in case of unforeseen damage to public property, machinery or equipment, the Commissioners' Court of the governing body may issue such time warrants as are necessary to provide for the immediate repair, preservation or protection of public property and the lives and health of the citizens of such county or city, irrespective of the limitations contained in this Section and the restrictions imposed by Sections 2, 3 and 4 hereof."

If the purpose for which you desire to issue emergency warrants comes within the above quoted statute, then the county would be authorized to issue said warrants.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By s/ R.J. Long
R.J. Long
Assistant

RJL:EP:wc

APPROVED OCT 18, 1945
s/ Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/GWB Chairman